IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Lee Montgomery, II, ) | Civil Action No.:2:15-cv-02264-RMG-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, Michael Lee Montgomery, II, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment(Dkt. No. 12; *see also* Dkt. No. 11) and Petitioner's Motion for Hearing (Dkt. No. 17).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought the instant habeas action on June 4, 2015. (*See* Dkt. No. 1.) On August 3, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 12; *see also* Dkt. No. 11.) By order filed August 4, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 13.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment and Motion for Hearing on September 18, 2015. (Dkt. No. 17.)

## PROCEDURAL HISTORY

In January of 2010, the Chester County Grand Jury indicted Petitioner for growing/manufacturing marijuana as well as possession with intent to distribute marijuana. (R. at 210-17.) Petitioner was represented at trial by Mark Grier, Esquire. (*See* R. at 1.) Petitioner proceeded to a jury trial before the Honorable Doyet A. Early, III, on October 11-12, 2010. (R. at 1-176.) The jury convicted Petitioner on the charge of growing/manufacturing marijuana as well as the lesser included offense of possession of marijuana. (R. at 164-65.) Judge Early sentenced Petitioner

1

to 54 months on the conviction for growing/manufacturing marijuana and thirty days, concurrent, on the conviction for possession of marijuana. (R. at 174.)

Petitioner appealed and was represented by Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense. (*See* Dkt. No. 11-4.) In an *Anders*[1] brief filed on September 29, 2011, Petitioner raised the following issue:

> Whether the trial court erred in failing to grant a mistrial after a police officer testified that they were able to make a prior marijuana purchase from appellant at the same location?

(Dkt. No. 11-4 at 4 of 10.) Mr. Pachak also filed a petition to be relieved as counsel. (*Id.* at 8 of 10.) In an unpublished opinion filed on July 11, 2012, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (Dkt. No. 11-5.) The remittitur was issued on July 27, 2012. (Dkt. No. 11-6.)

On November 15, 2011, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 177-84.) The following questions and answers appeared in his PCR application:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> (a) There were no witnesses in the court room. This is against the 6th Amendment.
>
> (b) Marijuana was legalized in South Carolina in 1993 in § 12-21-5010 of the South Carolina Code of Laws.
>
> (c) I was framed and the arresting officer wasn't in court.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
> (a) There were no witnesses on the motion of discovery.
>
> (b) Marijuana is no longer a controlled substance and is therefore legal in South Carolina according to § 12-21-5020 of the South Carolina Code of Laws. The judge lied in the court room during trial and said that there is no legalization of marijuana in South Carolina.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

>    (c) The arresting officer knows that I was framed.

(R. at 179, 184.)

On February 3, 2014, an evidentiary hearing was held before Judge Brian P. Gibbons. (R. at 190-203.) Petitioner was present and represented by Vanessa Cason, Esquire. (*See* R. at 190.) In a written order filed on February 26, 2014, Judge Gibbons denied the application for post-conviction relief and dismissed the petition. (R. at 204-09.)

Petitioner, through his attorney Benjamin John Tripp of the South Carolina Commission on Indigent Defense, filed a *Johnson* Petition for Writ of Certiorari on October 27, 2014. (*See* Dkt. No. 11-8.)[2] Through counsel, Petitioner raised the following issue:

> Whether the record supports the PCR court's finding that Petitioner did not establish ineffective assistance of counsel where the police used a confidential informant in their investigation of Petitioner; where counsel never investigated the identity, credibility, or reliability of the informant; where counsel raised no meaningful objection to the existence of probable cause to support the warrant; and where counsel's comments at trial and at the PCR hearing suggested he never even considered investigating the matter.

(Dkt. No. 11-8 at 3 of 11.) Mr. Tripp also filed a petition to be relieved as counsel. (*Id*. at 10 of 11.) Petitioner did not file a *pro se* response to the *Johnson* petition.

In an order dated March 4, 2015, the Supreme Court of South Carolina denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 11-9.) The matter was remitted to the lower court on March 20, 2015. (Dkt. No. 11-10.)

Petitioner then filed the instant habeas petition, wherein he raised the following ground for review (verbatim):

> **GROUND ONE**: I never was granted a Constitutional Trial with the accusers present.
> **Supporting facts**: My public defender, solicitor/prosecutor, or the Judge didn't have the accusers present for questioning in the courtroom.

(Dkt. No. 1 at 6 of 16.)

---

[2]*See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

## **APPLICABLE LAW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

Respondent seeks summary judgment in the instant case, asserting that summary judgment is appropriate "because Petitioner is not 'in custody' and was not in custody at the time that he filed his Petition." (Dkt. No. 11 at 1.) For the reasons set forth herein, the undersigned agrees with Respondent.

> Title 28, United States Code Section 2254 provides, *inter alia*,
>
> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody*** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). "The Supreme Court has construed this provision to be jurisdictional and to require that 'the habeas petitioner be "*in custody" under the conviction or sentence under attack* at the time his petition is filed.'" *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)) (emphasis added in *Wilson*). The term "in custody" "does not refer just to physical confinement but also to parole served as part of a sentence involving physical confinement." *Wilson*, 689 F.3d at 336 (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)). The Fourth Circuit further explained as follows in *Wilson*:

> Despite the limited expansion of the strict historical meaning of "in custody" brought about by *Jones* and later cases, the Supreme Court later cautioned that it had "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng*, 490 U.S. at 491, 109 S.Ct. 1923. *Maleng* recognized that although a petitioner is subject to the "collateral consequences" of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he "suffers no present restraint from a conviction" and therefore is not in custody after fully serving his sentence. *Id.* at 492, 109 S.Ct. 1923. As the Court explained, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* It observed that a contrary ruling "would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute . . . . " *Id.*

*Wilson*, 689 F.3d at 336; *see also id.* at 337 ("Not only has the Supreme Court never held that a defendant is in custody for habeas purposes when the sentence imposed for the conviction has *fully* expired at the time his petition is filed, but no court of appeals has so held either." (footnote omitted)).

Respondent attached the Affidavit of Lisa Miller to the Motion for Summary Judgment. (*See* Dkt. No. 11-1.) Therein, Ms. Miller states that she is the Program Coordinator for the Central Classification Section of the South Carolina Department of Corrections. (Miller Aff. ¶ 1.) She further states,

> 2. To the best of my ability to verify, the [Petitioner] . . . , **Michael Lee Montgomery, #343230** was released from custody on November 1, 2013. Mr. Montgomery has no detainers, no pending charges, is not on parole, and not on probation.
>
> 3. As per the Department of Pardon, Probation and Parole, **Michael Lee Montgomery, #343230** has no community supervision in place.

(*Id.* ¶¶ 2-3 (emphasis in original).)[3]

---

[3]Additionally, from a review of the transcript of the PCR hearing as well as the PCR court's order, it appears that Petitioner was no longer in custody at the time of his PCR hearing. (*See* R. at 192, 204.)

5

Petitioner did file a document in response to the Motion for Summary Judgment; that filing was docketed as a Motion for Hearing and Response in Opposition to the Motion for Summary Judgment. (Dkt. No. 17.) In that filing, Petitioner states (verbatim),

> I am filing this in response to the Motion for Summary Judgment. I am requesting a hearing to show the courts that I was framed by the police. I am requesting to summons Officer Chuck Grant and Officer Kito to the stand to show the court that they lied during trial and that they have no witnesses. If they do happen to have an accuser, I want to summons them to the stand to interrogate them as to why they falsely accused me to the police.

(Dkt. No. 17 at 1.)

Respondent is entitled to summary judgment because Petitioner is no longer in custody. Respondent has presented evidence to show that Petitioner is no longer in custody, and Petitioner has presented no evidence to suggest otherwise. Accordingly, the undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 12) and denying Petitioner's Motion for Hearing (Dkt. No. 17). *See* 28 U.S.C. § 2254(a); *Maleng*, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); *Wilson*, 689 F.3d 332; *Graves v. McCall*, Civ. A. No. 1:13-2866-RMG, 2015 WL 846525 (D.S.C. Feb. 25, 2015).

## **CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 12) be GRANTED; that Petitioner's Motion for Hearing (Dkt. No. 17) be DENIED; and the Petitioner's habeas petition be DISMISSED. It is further RECOMMENDED that a certificate of appealability be denied.[4]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 6, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).